IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MGMT RESIDENTIAL, LLC et al.,** *Plaintiffs* | : : : | **CIVIL ACTION** |
| v. | : : | |
| **DAYANNA REEVES et al.,** *Defendants* | : : : | No. 22-3966 |

## MEMORANDUM

PRATTER, J.                                                                                MARCH 10, 2023

Defendants are expected to respond to complaints filed against them; when they do not, they default, and the plaintiff may prevail. This method of resolving a dispute, however, is disfavored, and even where a default has been entered against a defendant a Court may set the default aside for good cause. Because Revo Realty Group has established good cause to set aside the default entered against it, the Court grants Revo's motion—which plaintiffs do not oppose— and sets aside the default.

### BACKGROUND

MGMT Residential, LLC, 4539 Mitchell Holdings, LLC, 6778-84 Ridge Holdings, LLC, and 5420 Ridge Holdings, LLC commenced this action against Dayanna Reeves and Revo Realty Group, LLC, alleging that the defendants breached an apartment rental agreement and violated the Lanham Act by subleasing units and falsely advertising that Ms. Reeves had the legal right to rent those units. Ms. Reeves did not respond to the complaint, and a default was entered against her. Revo also did not respond to the complaint, though it had reason for doing so. The original caption in this case mis-named Revo as "Reyo Realty Group, LLC." Realizing this error, plaintiffs filed a motion to amend the caption, which the Court granted. Notwithstanding the mix-up, plaintiffs

1

requested a default against Revo the next day, which was entered by the clerk of court. Revo, now properly named, filed the present motion to set aside the default.

## DISCUSSION

Under Federal Rule of Civil Procedure 55(a), the clerk of court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Plaintiffs did so in their request, providing proof of service of the complaint on Revo. A default, however, may be set aside "for good cause." Fed. R. Civ. P. 55(c).

To decide whether good cause exists, a court considers four factors: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). Moreover, because default is disfavored, courts "should employ a 'standard of liberality' that resolves all doubts in favor of the defaulting party." *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 147 (E.D. Pa. 2001) (citing *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983)). Here, these factors weigh in favor of setting aside the default against Revo.

### A. Prejudice to Plaintiffs

Setting aside the default will not prejudice plaintiffs. In the default context, prejudice may occur due to "loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." *Id.* at 148. Here, there is no indication that any evidence has been lost, or is at risk of being lost, nor is there anything to suggest that fraud or collusion have occurred. There is also no evidence that plaintiffs have substantially relied on the default—indeed, they do not oppose Revo's motion to set it aside.

2

**B.     Meritorious Defense**

Where no default judgment has been entered, the bar for a meritorious defense is a low one, requiring only that a defendant's proffered defense is not "facially unmeritorious." *Emcasco*, 834 F.2d at 74. A low bar, however, is still a bar. A defendant seeking to set aside a default may not rely on a general denial or vague promises of a defense; they must "assert specific facts supporting the existence" of a meritorious defense. *Kauffman v. Cal Spas*, 37 F. Supp. 2d 402, 405 (E.D. Pa. 1999). Typically, this is achieved by looking to a defendant's proposed answer to see if the facts alleged therein would, if true, constitute a meritorious defense. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

Here, though, Revo has not filed an answer. Instead, Revo asserts several defenses in its motion to set aside the default. First, Revo asserts that plaintiffs' sole claim against it, for false advertising under the Lanham Act, fails because the Lanham Act does not apply. But Revo never explains why this is so. It does not allege any specific facts bearing on the applicability of the Act, nor does it cite any relevant authority. Rather, the motion merely recites the elements of a false advertising claim while asserting that the applicability of the Act is at issue. This does not a meritorious defense make. To have a default set aside, Revo must proffer more than the mere promise that it will someday be able to show that the Act does not apply. For the same reason, Revo's bare assertions regarding a lack of cognizable damages, without supporting allegations, cannot support setting aside the default.

Revo's second defense is on somewhat better footing. Revo asserts that it was not involved in the posting of the alleged false advertisements, and that a close read of the complaint reflects the same. The Court need not consider whether the Complaint alleges Revo's involvement; it suffices that Revo has specifically alleged its non-involvement which, if proven, would constitute

3

a defense under the Lanham Act. *See Warner-Lambert Co. v. Breathasure, Inc.*, 204 F.3d 87, 91–92 (3d Cir. 2000) (requiring, as an element of a Lanham Act false advertising claim, that the defendant "made false or misleading statements as to his own product [or another's]").

The Court stresses, however, that Revo's lone allegation only barely hits the mark. In the typical course, a defendant seeking to set aside a default provides the Court with a proposed answer so that the Court may assess whether the defendant has a meritorious defense. *See $55,518.05 in U.S. Currency*, 728 F.2d at 195. The lack of a proposed answer does not preclude a finding of a meritorious defense. *See Blitman v. Northeast Treatment Ctrs., Inc.*, No. 21-cv-4318, 2022 WL 685538, at *2 n.2 (E.D. Pa. Mar. 8, 2022) (explaining that the lack of a proposed answer goes to the defendant's culpable conduct, rather than the existence of a meritorious defense). But where a defense is raised only in a motion or memorandum, a defendant must still put forth sufficient factual allegations from which a court may assess its proffered defense. Here, in contrast, Revo's lone allegation of non-involvement amounts to only barely more than a general denial.

Nonetheless, because the court applies a "standard of liberality," it resolves this factor in favor of Revo having a defense which is at least not unmeritorious on its face. *Dizzley*, 202 F.R.D. at 147.

### C. Defendant's Conduct

A defendant's "conduct leading to the entry of default" weighs against setting aside a default where that conduct was "willful, intentional, reckless or in bad faith." *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 308 (E.D. Pa. 1995). The conduct must be culpable, requiring something "[m]ore than mere negligence." *Id.* Here, Revo's failure to file an answer is excused only in part by the fact that the caption initially listed the wrong party name. Revo nonetheless failed to enter an appearance or response for over a month after being served. Revo asserts that it

4

acted in good faith during this period to secure insurance coverage and seek counsel. Though the Court notes that good faith does not excuse the failure to meet filing deadlines, it agrees that Revo's reasons for delay do not constitute culpable conduct. Moreover, while Revo failed to enter an appearance or response for over a month after the caption was amended and never submitted a proposed answer, this conduct does not surpass mere negligence and, in any event occurred after the entry of default and thus did not cause it. This factor therefore weighs in favor of setting aside the default.

### D. Availability of Alternative Sanctions

Entry of a default judgment should be a sanction of "last, not first, resort." *Emcasco*, 834 F.2d at 75. Ordinarily, then, the existence of alternative suitable sanctions weighs in favor of setting aside a default. Here, though, where neither party has addressed possible alternative sanctions, the Court need not do so, either. *See Blitman*, 2022 WL 685538, at *3.

*****

On balance, all four factors are either neutral or weigh in favor of setting aside the default. And, of course, the Court errs on the side of setting aside defaults to reach the merits of the case. *See Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987). Therefore, the Court grants Revo's motion to set aside the entry of default.

## CONCLUSION

For the foregoing reasons, the Court grants Revo's motion to set aside the entry of default. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**
