## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MGMT RESIDENTIAL, LLC et al.,** | : | **CIVIL ACTION** |
| *Plaintiffs* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DAYANNA REEVES et al.,** | : | **No. 22-3966** |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                         MARCH  **10** , 2023

Plaintiffs sued Dayanna Reeves alleging that she breached an apartment rental agreement and violated the Lanham Act by subleasing units and falsely advertising that she had the right to do so. Because Ms. Reeves did not respond to the complaint, the Clerk of Court entered a default. Plaintiffs now move for default judgment. Because the allegations in the complaint state a plausible claim for relief and demonstrate irreparable harm, the Court grants the motion for default judgment and a permanent injunction against Ms. Reeves, while reserving the issue of appropriate damages, attorney's fees, and costs for an evidentiary hearing to be held following resolution of this matter.

### I.   BACKGROUND[1]

Plaintiff MGMT is a property management company that leases several properties in and around Philadelphia. In 2020, MGMT and Ms. Reeves entered into a rental agreement for one of these properties, an apartment unit. Pursuant to the terms of that agreement, Ms. Reeves was prohibited from transferring or subleasing this unit without MGMT's consent.

---

[1] These facts are taken from the plaintiffs' complaint, which the Court accepts as true for purposes of determining whether the complaint states a plausible claim for relief. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

1

Nevertheless, plaintiffs discovered in 2021 that Ms. Reeves had been listing the apartment for sublease on Airbnb.com, without consent, and that at least four individuals had previously rented the unit. Plaintiffs demanded that Ms. Reeves remove the Airbnb listing, and though Ms. Reeves agreed to do so, she did not. Months later, the plaintiffs discovered that Ms. Reeves had created similar online listings for additional MGMT properties, stating that these units could be rented through Ms. Reeves.

Plaintiffs filed suit against Ms. Reeves and Revo Realty Group, LLC—with which Ms. Reeves is employed as a real estate broker—alleging breach of contract and false advertising under the Lanham Act, 15 U.S.C. § 1125(a). Ms. Reeves was served with summons and a copy of the complaint on October 13, 2022. To date, she has never entered an appearance nor responded to the complaint. The plaintiffs requested a default on November 15, 2022, and the Clerk of Court entered a default against Ms. Reeves two days later. Over two months later, on January 27, 2023, the plaintiffs filed the present motion seeking a default judgment against Ms. Reeves.

## II.   LEGAL STANDARD

Once the Clerk of Court has entered a default, a plaintiff may apply to the Court for entry of a default judgment. Fed. R. Civ. P. 55(b)(2). A defaulting defendant is treated as having admitted the facts alleged in the complaint, but the Court must still determine "whether the unchallenged facts constitute a legitimate cause of action." *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 270 (E.D. Pa. 2014). As with a motion to dismiss, then, the Court must accept as true the well-pleaded factual allegations as if admitted or established by proof, apart from those relating to damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). All reasonable inferences must be drawn in the plaintiff's favor, though the Court may not credit

threadbare conclusory statements. *Joe Hand*, 3 F. Supp. 3d at 270 (citing 10A Charles Alan Wright, Arthur R. Miller, et al., *Federal Practice and Procedure* § 2688 (3d ed. 2013).

ANALYSIS

## I.      Whether the Complaint States a Claim

The plaintiffs' complaint brings two claims, one for breach of contract and the other for false advertising under the Lanham Act. For the reasons that follow, the complaint states plausible claims for each.

### a.  Breach of Contract

Under Pennsylvania law, a valid claim for breach of contract requires showing (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages. *See, e.g., Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1125 (Pa. Super. 2004). Attached to the complaint is a copy of the rental agreement between plaintiff 5420 Ridge Holdings, LLC and Ms. Reeves. That agreement clearly imposes on Ms. Reeves an obligation to not sublet or transfer her lease without MGMT's consent. In addition to the loss of potential revenue to MGMT as a result of Ms. Reeves' breach, the agreement provides that, in the event of a breach, MGMT may sue to recover rents and charges, along with attorney's fees. Therefore, the complaint states a plausible claim for breach of contract.

### b.  False Advertising

To state a false advertising claim under the Lanham Act, the plaintiffs must show (1) that Ms. Reeves made false or misleading statements; (2) that there is either actual deception or a tendency to deceive a substantial portion of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that Ms. Reeves used the false or

3

misleading statements in commerce; and (5) a likelihood of injury to the plaintiffs. *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 872 (3d Cir. 1992).

Per the complaint, MGMT has the exclusive right under the rental agreement to rent the apartments at issue. Nonetheless, Ms. Reeves placed advertisements on Airbnb and other websites inviting others to rent the apartments through her. The advertisements did not explicitly state that Ms. Reeves had legal authority to rent the properties, but such a false statement is implicit "when considering the advertisement in its entirety." *Cannella v. Brennan*, No. 12-cv-1247, 2014 WL 3855331, at *6 (E.D. Pa. Aug. 6, 2014). Because that implicit statement was literally false—Ms. Reeves had no authority to rent the properties—there is a rebuttable presumption of deception and materiality. *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 627 F. Supp. 2d 384, 477 (D.N.J. 2009) (citing *Castrol, Inc. v. Pennzoil Co.*, 987 F.2d 939, 943 (3d Cir. 1993)). Not only does Ms. Reeves offer nothing to rebut this presumption, having failed to respond at all, but the willful nature of her advertisements further tilts in favor of deception and materiality. The advertisements were also clearly in commerce—reaching residents in at least Pennsylvania and New Jersey—and there is evidence of injury because at least four people rented from Ms. Reeves on Airbnb, depriving MGMT of potential revenue. The complaint therefore states a false advertising claim under the Lanham Act.

## II.     Whether the Court Should Enter a Default Judgment

If a plaintiff's complaint states a plausible claim for relief, a court exercises its "sound judicial discretion" when deciding whether to enter a default judgment. *Eastern Elec. Corp. of New Jersey v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 551 (E.D. Pa. 2009). Default judgments are disfavored, and so the Court's discretion is guided by three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense,

and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).[2]

### a. Prejudice to the Plaintiff

In the default judgment context, some courts have required a plaintiff to show that their ability to litigate a case would be prejudiced, such as through the loss of available evidence. *See Brennan v. Century Sec. Servs.*, No. 21-cv-1678, 2022 WL 3686542, at *3 (M.D. Pa. Aug. 25, 2022). The majority view, however, is that prejudice may be established simply by a defendant's failure to appear because, absent a default judgment, plaintiffs would have no means to vindicate their claims. *See, e.g., Aquapaw LLC v. Allnice*, No. 20-cv-1954, 2022 WL 3019808, at *4 (W.D. Pa. July 29, 2022) (finding plaintiff "would be prejudiced if default judgment were denied because the Defendants have failed to appear" and denial "would therefore leave [the Plaintiffs] with no other means to vindicate its claims"). Here, MGMT has no recourse other than this lawsuit. This is particularly so because MGMT seeks injunctive relief; without an injunction, there is nothing to prevent Ms. Reeves from continuing to post the advertisements at issue. Prejudice is thus satisfied.

### b. Litigable Defense

A court "may presume that an absent defendant who has failed to answer has no meritorious defense." *Yakubets*, 3 F. Supp. 3d at 271. Ms. Reeves has offered no response to suggest otherwise. This factor weighs in favor of entry of a default judgment.

---

[2] Where, as here, a defendant has failed to respond, "all three factors tend to be resolved against the defaulting party." *Joe Hand Promotions, Inc. v. Waldron*, No. 11-cv-849, 2013 WL 1007398, at *4 n.4 (D.N.J. Mar. 13, 2013). Accordingly, there is some debate as to whether the *Chamberlain* factors should be applied to the decision to grant a default against an absent party. *See Hill v. Williamsport Police Dep't*, 69 F. App'x. 49, 53 (3d Cir. 2003) (Rendell, J., concurring) (noting "persuasive authority for the proposition that these decisions should be left wholly within the sound discretion of the district courts"). Nonetheless, the Court considers these factors relevant to the exercise of its discretion. *See Russell v. Mimi's Café and Market*, No. 21-cv-3826, 2023 WL 158210, at *2, n.2 (E.D. Pa. Jan. 11, 2023).

### c.  Defendant's Conduct

Where a defendant completely fails to "engage[] in the litigation process and . . . offer[s] no reason for this failure or refusal," this may "qualif[y] as culpable conduct with respect to the entry of a default judgment." *Shoemaker*, 657 F. Supp 2d at 554.  Ms. Reeves has made no attempt to respond to this case.  Her conduct is thus culpable, and this factor weighs in favor of a default judgment.

*****

In sum, all three of the *Chamberlain* factors weigh in favor of granting a default judgment. The Court therefore grants the plaintiffs' motion and enters a default judgment in its favor.

### III.    Injunctive Relief

As part of its motion for a default judgment, the plaintiffs seek a permanent injunction ordering Ms. Reeves to immediately take down the advertisements at issue, to post no new advertisements, and to report to the Court as to her compliance within ten days.

Section 34 of the Lanham Act authorizes courts to grant injunctive relief. 15 U.S.C. § 1116 ("[C]ourts . . . shall have power to grant injunctions, according to the principles of equity . . ."). Indeed, injunctive relief has been the "usual and normal remedy" for false advertising claims. 5 J. Thomas McCarthy, Trademarks & Unfair Competition § 30:1 (4th ed. 2006).

Moreover, "courts 'routinely issue injunctions as part of default judgments.'" *Warner Bros. Records Inc. v. Novak*, No. 06-cv-5342, 2007 WL 1381748, at *3 (D.N.J. May 9, 2007) (collecting cases).  Generally, to obtain a permanent injunction, a party that prevails on the merits must establish that: (1) it will suffer irreparable injury; (2) no remedy available at law would be sufficient; (3) the balance of equities tips in its favor; and (4) the injunction would serve the public interest.  *TD Bank N.A. v. Hill*, 928 F.3d 259, 278 (3d Cir. 2019).  In the context of a default

6

judgment, where the defendant does not respond and thus does not represent that future violations are unlikely, these factors typically weigh in favor of an injunction. *See, e.g., Freddy S.p.A. v. Kalai*, No. 20-cv-628-MN, 2022 WL 1411690, at *3 (D. Del. April 28, 2022); *SEC v. Krimm*, No. 17-cv-464, 2019 WL 2270437, at *6 (D. Del. May 28, 2019).  Nonetheless, the Court "must ensure itself that Plaintiffs have properly demonstrated the necessity of a permanent injunction." *Victory's Dawn, Inc. v. Clemons*, No. 21-cv-9744, 2022 WL 3402491, at *5 (D.N.J. Aug. 12, 2022).

*Irreparable Injury.* Under the Trademark Modernization Act of 2020, a plaintiff who prevails in a false advertising action under the Lanham Act is "entitled to a rebuttable presumption of irreparable harm." 15 U.S.C. §1116(a).  Because the plaintiffs have established success on the merits of their false advertising claim, they are entitled to this presumption, which Ms. Reeves does not rebut.  The irreparable harm requirement is thus satisfied.

*No Adequate Remedy at Law.*  The Court finds that remedies available at law, such as monetary damages, will not provide sufficient relief for the plaintiffs' trademark infringement claim.  Injunctive relief is necessary to "protect [the plaintiff] against the threat of future infringement, a threat that cannot be averted by compensatory relief alone." *E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC*, 19 F. Supp. 3d 560, 577 (D.N.J. 2014).

*Balance of Equities.*  The Court finds that the balance of hardships favors injunctive relief.  The goal of this balancing is "to ensure that the issuance of an injunction would not harm the infringer more than a denial would harm the mark's owner." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 197 (3d Cir. 1990).  Here, denying injunctive relief would prolong the plaintiffs' irreparable harm, whereas the only hardship granting an injunction would impose on Ms. Reeves would be to stop her unlawful conduct. *Cf. EA. Sween*, 19 F. Supp. 3d at 576-78.

7

***Public Interest.*** Finally, the public has a strong interest in a truthful and accurate marketplace, and no interest in allowing false advertisements to stand. This factor, too, favors granting an injunction. *Cf. Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 730 (3d Cir. 2004).

Accordingly, the Court will grant the plaintiffs the following injunctive relief:

Ms. Reeves, and all persons acting under her direction and/or permission shall immediately cease any advertising in any way related to the plaintiffs' properties without first obtaining express written authority from the plaintiffs.

Ms. Reeves, and all persons acting under her direction and/or permission are permanently enjoined from advertising, in any medium—whether directly or indirectly—any apartment, condominium, or other real property owned or managed by the plaintiffs without legitimate and express written authority to do so.

Ms. Reeves is hereby ordered to prepare, file with this Court, and serve upon the plaintiffs' counsel within thirty days after service of the accompanying Order upon Ms. Reeves, a written report, signed under oath, setting forth in detail the manner and form in which she has complied with the accompanying Order.

## IV.    Damages and Attorney's Fees

The Lanham Act provides for the recovery of "(1) defendant's profits, (2) any damages sustained by the plaintiff[s], and (3) the costs of the action." 15 U.S.C. § 1117(a). The plaintiffs' complaint seeks all three, along with punitive damages.

8

"A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I*, 908 F.2d at 1149 (citation omitted). Thus, the plaintiffs "must still prove [their] entitlement to the damages sought." *Tristrata Tech., Inc. v. Medical Skin Therapy Research, Inc.*, 270 F.R.D. 161, 165 (D. Del. 2010). However, as the plaintiffs point out, at this early stage of litigation, there is no factual record from which the Court may ascertain damages. The plaintiffs assert that this record will be developed as the case progresses against the other defendant, Revo Realty Group, which has entered an appearance. Thus, the plaintiffs request that the Court enter a default judgment today against Ms. Reeves but reserve the question of damages pending resolution of the action. *Cf. Mancuso v. Tyler Dane, LLC*, No. 08-cv-5311, 2012 WL 1536210, at *3 (D.N.J. May 1, 2012); *Nieves v. Top Notch Granite & Marble LLC*, No. 10-cv-1589, 2011 WL 2937352, at *3 (D.N.J. July 19, 2011). The Court agrees that the issue of damages cannot be resolved at this time, and therefore reserves this question until this matter has been resolved.

### III.   CONCLUSION

For the foregoing reasons, the Court grants the plaintiffs' motion and enters a default judgment against Ms. Reeves. The Court also grants the plaintiffs' request for injunctive relief, while reserving the question of damages pending resolution of this matter. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

9