IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MGMT RESIDENTIAL, LLC, 4539** | **:** | **CIVIL ACTION** |
| **MITCHELL HOLDINGS LLC, 6778-84** | **:** | |
| **RIDGE HOLDINGS LLC and 5420** | **:** | |
| **RIDGE HOLDINGS LLC** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **DAYANNA REEVES and REYO** | **:** | |
| **REALTY GROUP, LLC** | **:** | **NO. 22-3966** |

**MEMORANDUM**

**Savage, J.**                                                                    **February 26, 2025**

After plaintiffs' motion for default judgment against Dayanna Reeves was granted, a hearing to assess damages was scheduled for May 15, 2024, and rescheduled to May 21, 2024.[1] Plaintiffs served Reeves with notice of the rescheduled hearing via U.S. mail and certified mail, return receipt requested.[2] They unsuccessfully attempted personal service.[3] Reeves also received notice of the hearing via e-mail.[4]

Reeves failed to appear at the assessment of damages hearing on May 21, 2024. On June 11, 2024, we entered judgment against her in the amount of $293,387.09.[5]

Reeves contends that she did not receive notice of the entry of judgment until September 12, 2024, when her bank informed her that plaintiffs had garnished her

---

[1] *See* March 10, 2023 Order Granting Default Judgment, ECF No. 16; March 27, 2024 Order Scheduling Hearing, ECF No. 49; May 3, 2024 Order Scheduling Hearing, ECF No. 52. The case was reassigned from Judge Pratter. May 3, 2024 Order Reassigning the Case, ECF No. 51.

[2] Pls.' Decl. of Service ¶¶ 3–6, ECF No. 53.

[3] *Id.* ¶ 8.

[4] *Id.* ¶ 7.

[5] June 11, 2024 Order, ECF No. 55.

accounts.[6]  Reeves filed a notice of appeal on September 25, 2024—more than two months after the 30-day appeal period had expired.[7]  After the Third Circuit advised that her appeal was subject to possible dismissal and summary action for failure to file a timely notice of appeal, Reeves filed a *pro se* response stating that she had not received notice of the entry of judgment.[8]  The Third Circuit construed her response as a motion to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6) and remanded this action for the limited purpose of ruling on the motion.[9]

Under Rule 4(a)(6), we may reopen the appeal period for 14 days if the following conditions are satisfied: (1) Reeves did not receive notice of the judgment under Federal Rule of Civil Procedure 77(d) within 21 days of entry; (2) she filed the extension motion within 180 days after judgment or 14 days after receiving notice of entry of judgment pursuant to Rule 77(d), whichever is earlier; and (3) no party will be prejudiced.

As to the first element, only formal notice pursuant to Rule 77(d) will support a finding that Reeves received notice within 21 days.  *See* Fed. R. App. P. 4, Committee Note to 2005 amendment.  Rule 77(d) requires the clerk to immediately serve formal notice of entry of judgment in accordance with Rule 5(b) on "each party who is not in

---

[6] Dayanna Reeves's Letter Request for Summary Action, Third Circuit Court of Appeals Docket No. 24-2807, Docket Entry No. 8 ["Reeves's Mot."].

[7] Notice of Appeal, ECF No. 64.

[8] October 10, 2024 Entry By the Clerk, Third Circuit Court of Appeals Docket No. 24-2807, Docket Entry No. 6; October 23, 2024 Entry By the Clerk, Third Circuit Court of Appeals Docket No. 24-2807, Docket Entry No. 7; Reeves's Mot.

[9] Partial Remand Order, ECF No. 80.  In addition to her initial letter request (Court of Appeals Docket Entry No. 8), Reeves filed a supplemental letter (Court of Appeals Docket Entry No. 9), with supporting documentation that is not material to the reopening of the appeal period.  The Third Circuit has construed both entries as one motion to reopen the appeal period.

default for failing to appear." Because Reeves was in default, the clerk did not serve notice of the judgment on her.[10]

Rule 77(d) also provides that any party may serve notice of the entry of the judgment. There is no evidence plaintiffs served notice of the entry of judgment on Reeves. Plaintiffs' response in the Third Circuit does not dispute this.[11]

Reeves contends that she only learned of the judgment from her bank when her account was garnished, about three months after judgment was entered.[12] Because Reeves never received notice of the judgment, the first element is satisfied.

So is the second element. Only formal Rule 77(d) notice triggers the 14-day window to file a motion to reopen the appeal period. *See* Fed. R. App. P. 4, Committee Note to 2005 amendment. Because Reeves never received Rule 77(d) notice, the 180-day window applies. She filed her response which the Third Circuit construed as a motion to reopen the appeal time on October 28, 2024, within 180 days of the judgment.[13]

With respect to the prejudice element, plaintiffs argue they will be prejudiced if Reeves is allowed to "re-litigate the entire case after [she] ignored the parties and the District Court for nearly two years."[14] Prejudice means "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal,

---

[10] March 10, 2023 Order Granting Default Judgment, ECF No 16.

[11] Pls.' Mem. of L. in Supp. of Dismissing Appeal for Lack of Jurisdiction and for Summary Action, Third Circuit Court of Appeals Docket No. 24-2807, Docket Entry No. 10 ["Pls.' Resp."].

[12] Reeves's Mot.

[13] *Id.*

[14] Pls.' Resp. 2. Plaintiffs' fear that they would be forced to relitigate the case is not accurate. Reeves appealed the judgment. She did not challenge the entry of default.

3

consequences that are present in every appeal." Fed. R. App. P. 4, Committee Note to 2005 amendment. Having to oppose Reeves's appeal is not sufficient to demonstrate prejudice under Rule 4(a)(6). Indeed, plaintiffs could have prevented the application of Rule 4(a)(6) by serving notice of judgment on Reeves within 21 days of entry. They did not. Reopening Reeves's time to appeal will not be prejudicial. Therefore, the third element is satisfied.

Because all three conditions set forth in Federal Rule of Appellate Procedure 4(a)(6) are satisfied, we shall grant Reeves's motion to reopen the time to file an appeal from the judgment.